hTHIBODEAUX, Judge.
J.R., a minor child, and his mother, L.R., were declared to be a family in need of services by a juvenile court judge on September 13,1996. The judgment was modified on April 18, 1997 pursuant to a Motion to Modify Judgment of Disposition filed by the district attorney’s office, and J.R. was declared to be a child in need of care and placed into the custody of the State of Louisiana, Office of ^Community Services (OCS). The OCS appeals the modification of this judgment, alleging that the juvenile court could not adjudicate J.R. as a child in need of care by modifying the unrelated judgment. Moreover, it asserted that the due process rights of J.R. and L.R. were violated.
We find that the trial judge improperly modified a judgment of a family in need of services disposition into a child in need of care disposition and, consequently, improperly transferred custody of J.R. to the Office of Community Services. We, therefore, reverse.
I.

ISSUES

The issues pertinent to our resolution of this matter are:
1. whether a judgment of disposition of a family in need of services can be modified by motion into a disposition of a child in need of care; and
2. whether a juvenile’s physical custody can be transferred from a parent to a state agency without holding a contradictory hearing and without the parent and the juvenile being represented by counsel.
II.

FACTS

On September 9,1996, the State of Louisiana, through the Calcasieu Parish District Attorney’s Office, instituted proceedings in the interest of thirteen year old J.R, asserting that J.R. and his mother, L.R., were a *868 family in need of services. The petition alleged, as a requisite ground for establishing that the family was in need of services, that J.R. was habitually truant or had willfully and repeatedly violated school rules. See La.Ch.Code art. 730(1). This matter was brought before the trial court because J.R. was in violation of the Informal Family Services Plan Agreement 13that he and his mother had entered into on July 25,1996, in place of court intervention for an alleged assault and battery upon his mother and grandmother. It described problems associated with the child as “ungovernability, attempted suicide, school problems, [and] emotional behavior disorders.”
Dwight Moncrief of the Office of Probation orally advised the judge of factors which, in his opinion, explained J.R.’s misbehavior and troubles. He described J.R. as a diabetic, with an enlarged heart, serious circulatory problems, and an ulcerated stomach. He further stated that J.R. had Bell’s Palsy and had been diagnosed as being severely depressed. Consequently, J.R. made two serious attempts at suicide and suffered from an identity crisis which resulted in him getting involved in trouble many times.
The probation officer added that J.R.’s mother was also diabetic and suffered the loss of a leg the previous year. In addition, she had also been diagnosed as being clinically depressed and had been hospitalized numerous times since her surgery. J.R.’s father is incarcerated in a Texas prison as a result of a murder conviction, and according to J.R.’s probation officer, J.R.’s only other family actor is his maternal grandmother. Unfortunately, she no longer lives with J.R. and his mother because of physical and verbal confrontations with J.R. She now lives with her son.
The child and his mother were said to have been living at the time of the hearing in an isolated part of the parish and without transportation. The officer stated that the family depends on others for transportation and are in such a location that emergency services cannot readily see to their needs.
A recommendation to adjudicate the juvenile and his mother as a family in need of services so that they could be placed on official judicial supervision was ^accepted by the court. A judgment of disposition was rendered that day in which J.R. was declared a truant, L.R. was allowed to maintain parental custody, and J.R. was placed on probation under the supervision of the Calcasieu Probation Office with specific conditions for a period of time not to exceed his eighteenth birthday. The judge orally ordered that the Office of Community Services seek placement for long term treatment and care of J.R. The Office of Community Services was named in the petition as a party of interest, but there was no representative present at the hearing.
On April 18, 1997, the district attorney’s office filed a Motion to Modify the Judgment of Disposition. The hearing was scheduled and held on that day in the presence of J.R., his mother, grandmother, and a cousin. The motion stated that J.R. had not been placed in a group home setting as the court had previously ordered. It was asserted that the Calcasieu Parish Juvenile Office was currently aware of a vacancy at the Methodist Group Home in New Orleans, but had been advised that a placement of a juvenile pursuant to a delinquency proceeding could not be made, and that placement could only be taken from the State of Louisiana, Office of Community Services. Consequently, the motion at issue prayed for a hearing to be held for consideration of a modification of the previous judgment of disposition in which J.R. and his mother were declared to be a family in need of services. The purpose of the modification was to have J.R. declared as a child in need of care and thereafter, to have him placed in the physical custody of the Office of Community Services so that he could be placed at the Methodist Home.
The attorney for the OCS orally objected to the motion. He stated that there had never been an adjudication of J.R. as a child in need of care, and that the OCS could not take custody of a child nor place the child unless there had been such an adjudication. OCS asserted that the current proceedings were inappropriate for an ^adjudication of J.R. as a child in need of care because the correct procedure required the filing of a *869 petition and that a full contradictory hearing be held.
J.R.’s probation officer, Dwight Moncrief, informed the court of the history of the ease and of J.R.’s current situation. He stated that the child was currently living with his mother at Harbor House, a home for disabled adults. J.R.’s mother had spent approximately one month or more in the hospital over the last three or four months suffering from heart problems, and was unable to care for herself any longer. He essentially stated that J.R. had been left without adequate supervision and care, and that it was uncertain how long the present living situation would last. Mr. Moncrief further stated that placement of J.R. in a group home setting had been recommended as a result of evaluations by numerous doctors, and because Methodist Home had advised that it could only reserve the bed for one day, immediate action was necessary.
OCS contradicted these statements by alleging that it was aware of two beds currently available at the Methodist Home earmarked for placements from the Office of Youth Development. It was, therefore, unnecessary for the court to place the child through the Office of Community Services. The assistant district attorney argued that he was unaware of such a situation and continued to urge the modification of the judgment of disposition.
The judge granted the motion to modify the previous disposition, declared J.R. to be a child in need of care, and placed J.R. in the custody of the State of Louisiana, Office of Community Services. He denied the OCS’ request for the establishment of a time frame within which it could apply for supervisory writs and during which time, no change in physical custody would occur. The judge expressed his desire to not delay placement of the child. The Office of Community Services ftfiled this appeal seeking reversal of the trial judge’s actions in modifying the judgment of disposition.
III.

LAW AND DISCUSSION

In this case, involuntary removal of custody was sought by having J.R. declared to be a child in need of care. The OCS argues in this appeal that the custody placement of J.R. with its agency was improper because the procedures required for the adjudication of a child in need of care were not followed. It urges that the trial judge failed to recognize the difference in the stated purposes and procedures of Titles 6 and 7 of the Children’s Code, which govern child in need of care proceedings and families in need of services proceedings, respectively. Consequently, the court erred in modifying a judgment of disposition of a family in need of services into a judgment of disposition of a child in need of care.
Furthermore, it is asserted that because of the court’s failure to comply with the established procedure used to achieve the adjudication of a juvenile as a child in need of care, J.R. and L.R.’s due process rights were denied. OCS states that mother and son were not served with proper notice and were not afforded their respective rights to counsel. In addition, they were never addressed nor given the opportunity to speak during the motion hearing, yet the judge allowed an unsworn statement by J.R.’s probation officer about J.R.’s and L.R.’s current status and living environment and his belief as to the immediate need for court intervention.
The Calcasieu Parish District Attorney’s office asserts that the proceeding was a modification of a previously rendered family in need of services disposition that was properly carried out according to La.Ch.Code art. 787(A) & (B), which provides:
RA. The court may modify a judgment of disposition on its own motion or on the motion of the district attorney, a probation officer, any child of the family, a caretaker, any individual or agency to whom the child’s custody has been assigned, or the duly authorized representative of an institution or agency providing services to the family under the court’s disposition order.
B. A motion to modify a judgment of disposition to impose- less restrictive conditions may be denied without a contradictory hearing. A motion to modify to impose more restrictive conditions may not be *870 granted without a contradictory hearing unless the parties consent.
Furthermore, he argues that La.Ch.Code art. 779(A) gives the court the authority to transfer custody of the child. It states in relevant part:
A. In any case in which the family has been adjudicated to be in need of services, the court may impose the following orders directly affecting any child of the family:
* * * :¡s * *
5. Assign the child to the custody of private or public institution or agency....
6. Make such other disposition or combination of the above dispositions as the court deems to be in the best interest of the child and the public.'
La.Ch.Code art. 779(A).
After a thorough review of the record, we conclude that the trial judge’s adjudication of J.R. as a child in need of services, achieved by modification of a family in need of services disposition, and the court’s subsequent transfer of custody of J.R. to the Office of Community Services, constitute legal error.
Titles 6 and 7 of the Louisiana Children’s Code, which govern child in need of care and families in need of services proceedings, respectively, both contain chapters governing the modification of judgments of dispositions on the motion of specified, interested parties. See La.Ch.Code arts. 714 & 787. In this case, the district attorney’s office sought a modification of a family in need of services ^disposition; therefore, Title 7 and its relevant articles should apply. Nevertheless, chapter 14 of Title 7, which governs modification of a family in need of services disposition, begins with La.Ch.Code art. 786 which states:
Art. 786. Applicability
In all cases except a disposition committing the child to the custody of a child care agency, the provisions of this chapter shall be applicable.
(Emphasis added).
Child care agency is defined in the Children’s Code as “any public or private agency exercising custody of a child.” La.Ch.Code art. 603(6). The assistant district attorney clearly stated in his Motion to Modify Judgment of Disposition, a prayer for the placement of physical custody of J.R. with the State of Louisiana, Office of Community Services. The Office of Community Services is a public agency and, therefore, is clearly prevented by article 786 from obtaining custody of J.R. by modifying a judgment of disposition in a motion hearing.
Title 7 of the Children’s Code does, however, contemplate the involuntary transfer of child custody when a child has been adjudicated as a child in need of care pursuant to the delineated procedures outlined in the relevant title. It requires a contradictory hearing held in the presence of the juvenile court judge that must be commenced by the filing of a petition by the district attorney, or other person authorized by the court, when there are reasonable grounds to believe that the child at issue is in need of care. La.Ch.Code art. 631. The petition must contain simple, concise and direct allegations of fact, which must include one or more of the grounds listed in article 606 that are necessary to prove that a child is in need of care, and it must conclude with a request that the court adjudicate the child as a child in need of care. La.Ch.Code arts. 633 and 634. Louisiana Children’s Code article 639 states |9that the parent of the child subject to the proceedings is entitled to notice of the proceeding, a copy of the petition and a summons issued by the court. Article 639 requires the following notice be given:
NOTICE
Louisiana law provides that you can lose some of your parental rights regarding your child under certain circumstances. Suit has been filed which claims that your child is in need of care, and a hearing will be held to determine whether these circumstances exist. If the court rules that your child is being abused or neglected, as defined by Louisiana law, your rights to have custody of your child, to visit your child, or to make decisions affecting your child will be seriously affected. You may also become liable for paying for the costs of your child’s care if custody is awarded to some other individual or to the state.
*871 You have the right to hire an attorney and are encouraged to do so. When you come to court, if you cannot afford to hire an attorney, you may qualify to have the court appoint one for you at state expense.
Whether or not you decide to hire an attorney, you have the right to attend the hearing of your case and must attend as summoned, and the right to call witnesses on your behalf, and to question those witnesses brought against you.
The comment to this article states that “[t]he purpose of this article is to alert parents to the seriousness of the proceeding and to their attendant rights.” La.Ch.Code art. 639. An adjudication hearing is thereafter required by the Children’s Code in which the child and his parents are afforded the right to introduce evidence, call witnesses, be heard on their own behalf, and to cross-examine witnesses called by the state. La. Ch.Code art. 662. The state bears the burden of proving the allegations of the petition by a preponderance of the evidence. La.Ch. Code art. 665. Following the adjudication hearing, the court then has the option of dismissing the petition, declaring the child to be in need of care or, alternatively, finding that the family is in need of services, if the evidence supports such a finding. La.Ch. Code art. 666.
| ipOnce a child has been adjudicated to be in need of care, juvenile courts are allowed, pursuant to La.Ch.Code art. 681, to make dispositions which include placement of child custody with other persons and public or private agencies as deemed in the best interest of the child. However, La.Ch.Code article 682 must be adhered to by courts before a child is removed from parental custody. It states:
A. The court shall not remove a child from the custody of his parents unless his welfare cannot, in the opinion of the court, be adequately safeguarded without such removal.
B. In support of any disposition removing a child from the parental home, the court shall determine whether the department has made reasonable efforts, as defined by this Title, to prevent or eliminate the need for removal of the child from his home and, after removal, to make it possible for the child to return home.
C.The department shall have the burden of demonstrating reasonable efforts.
Our review of the record reveals that the trial judge improperly adjudicated J.R. as a child in need of care because he failed to comply with the child in need of care articles regarding the method for the attainment of such an adjudication. As a result, the subsequent transfer in child custody to the Office of Community Services was also improper. The record reflects that the district attorney’s office did not file a petition stating grounds establishing the need for a child in need of care disposition nor including a prayer for such a finding. The record is also void of any evidence of proper service of notice and a summons to L.R. as required by the Children’s Code. In his brief, the assistant district attorney asserted that L.R. was served in open court on the morning of the hearing; however, this court has found no evidence in the record to support this contention, nor were we able to ascertain whether the service accomplished that which is required by the Children’s Code when a loss of parental custody is at risk. Moreover, the motion hearing which was conducted was not a contradictory hearing in which all parties should have been | nrepresented by counsel and afforded the opportunity to produce evidence and witnesses.
Although the extensive procedure required by the Children’s Code for an adjudication of a child in need of care and for removal of parental custody is clearly laid out in the Code, the district attorney contends that La.Ch.Code art. 633(D) protects the judge’s disposition. Although the disposition of J.R. as a child in need of care was obtained pursuant to the modification of the families in need of services judgment, and not in compliance with Title 6, child in need of care articles, it has not resulted in substantial prejudice to any party in interest, and therefore should be allowed to stand. The article he relies upon reflects:
Failure to comply with formal requirements of this Article shall not be grounds for dismissal of a petition or invalidation of *872 the proceedings unless it results in substantial prejudice.
La.Ch.Code art. 633(D).
That argument is without merit. Article 633 sets forth the required “form” of the petition that must be filed in child in need of care proceedings. It states that the petition must contain a caption, allegations of fact that are direct, concise and simple and set forth in numbered paragraphs, and requires that the petition be verified. Section D of the article, stated above, simply prevents the dismissal of a petition or invalidation of the proceedings when no party has been substantially harmed by defects as to the form of the petition. Moreover, the following article, La. Ch.Code art. 635, provides for the amendment of petitions when there are defects as to form contemplated by article 633. It would not be reasonable to assume that article 633(D) was meant to maintain a child in need of care disposition that was attained by means other than those extensively provided for in the title, and we decline to do so.
J12ÍV.

CONCLUSION

Accordingly, the judgment appealed from is reversed and set aside. Costs of this appeal are assessed to appellee, State of Louisiana.
REVERSED.